## MR. AND MRS. EDWARD WALSDORF, PETITIONERS, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2410. Decided July 24, 1926.

Books of account of the taxpayers *held* to reflect gross profits from sales of merchandise.

*Isom J. Guillory*, Esq., and *E. Barrett Prettyman*, Esq., for the petitioners.

*J. Arthur Adams*, Esq., for the respondent.

Before Smith.

This is a proceeding for the redetermination of deficiencies in income tax for the years 1918 to 1922, inclusive, in the amount of $1,590.45. The principal point in issue is whether the books of account of the taxpayer reflect the gross profits from sales of merchandise.

FINDINGS OF FACT.

The taxpayers are citizens and residents of New Orleans, La. E. H. Walsdorf owned and conducted one or more drug stores in the City of New Orleans during the taxable years in question. He made income-tax returns for each of the years 1918 to 1922, inclusive, and for the years 1920, 1921, and 1922 his wife also made income-tax returns reporting a portion of the income received from the community. In each of the returns filed the taxpayers set out in detail the gross sales and purchases of merchandise and inventories at the beginning and close of each year. E. H. Walsdorf was actively engaged in the sale of war savings stamps during the years 1918 and 1919, was secretary-treasurer of the local pharmacists board and, in his capacity as an officer of this board and of other organizations with which he was connected, he received considerable amounts of money, which he deposited with his other funds and checked out in payment of his obligations in connection therewith.

A deputy collector examined the taxpayer's returns for the years 1918 to 1922, inclusive, discovered that Walsdorf's bank deposits were much in excess of his sales, and, owing to his inability to check the tax returns with the single entry set of books kept by the taxpayer, and acting upon the statement of Walsdorf that, if his sales exceeded a certain amount, 33 per cent of the gross sales represented gross profits, and, if less than that amount, 34 per cent of gross sales represented gross profits, the deputy collector ignored the books of account for the purpose of determining gross profits on the sales of merchandise, excluded from the bank deposits certain deposits ascertained not to represent income, and determined gross profits by applying to what he determined the gross sales the percentage indicated by the taxpayer. Business expenses claimed as deductions by the taxpayer were generally undisturbed, except that amounts claimed as bad debts ascertained to be worthless and charged off during the year were disallowed as deductions. This was upon the ground that the deputy collector could not discover that these bad debts had been charged off as worthless upon the taxpayer's books.

In Walsdorf's tax return for 1918, the deputy collector excluded from the gross income $15.60 shown on the original return to have

been income, increased the amount claimed as a deduction for repairs and depreciation in the amount of $104, and disallowed a deduction for bad debts in the amount of $291.22. For the year 1919 the deputy collector increased the depreciation allowance by the amount of $14 and disallowed the deduction for bad debts in the amount of $481.29. For the year 1920 the deputy collector reduced the repairs and depreciation deduction claimed in the amount of $225.55, and disallowed the deduction for bad debts of $150. For 1921 he disallowed a deduction for taxes in the amount of 50 cents and for bad debts in the amount of $283.68, increased income from rents in the amount of $150, and increased the allowance for repairs and depreciation in the amount of $160. For 1922 he disallowed a deduction for bad debts in the amount of $508.22 and increased the deduction for repairs and depreciation in the amount of $233.60.

The deputy collector prepared amended returns for the taxpayers for the years 1918 to 1922, inclusive, which amended returns were accepted by the Commissioner as reflecting the true net income of the taxpayers for the years in question. The deficiency determined by the Commissioner is predicated solely upon the amended returns prepared.

The original returns filed by the taxpayer and his wife for the years 1918 to 1922, inclusive, accurately reflect the taxpayers' net income for the years in question.

OPINION.

SMITH: The question in issue in this appeal is whether the original returns of the taxpayers or the amended returns made by a deputy collector and accepted by the Commissioner represent the correct net income. As indicated in the findings of fact, the deputy collector was unable to check the taxpayers' returns from the taxpayers' books of account and, upon the statement alleged to have been made to him by Walsdorf, determined the gross profits from the sale of merchandise by taking a certain percentage of the gross sales. The gross sales determined by the deputy collector were determined, not from the taxpayers' books of account showing sales, but by excluding from the taxpayer's bank deposits certain amounts which he determined were not income from his business. He determined that the total deposits for 1918 were $45,415.42, and that deposits from other than sales of merchandise amounted to $14,479.43. The taxpayers have introduced evidence, however, that satisfies the Board that of the total of deposits $18,127.88 represented deposits of moneys which were not from sales of merchandise.

50144°—27——27

From the evidence of record the Board is satisfied that the books of account of the taxpayers accurately reflect sales of merchandise and gross profits from such sales. It is true that the inventory sheets are not of record at this time, but the taxpayers took physical inventories at the close of each year, and the Board is convinced that the amounts of the inventories shown upon the taxpayers' returns represent the true inventories.

The taxpayers have introduced evidence which shows that bad debts in the amount claimed for the years 1919 and 1921 were actually charged off during those years. Other changes in the taxpayers' returns are of a minor character, some favoring the taxpayer and some not. From a consideration of the entire record the Board is of the opinion that the original returns reflect the true net income and that there is no deficiency in tax for any of the years involved.

*Judgment for the petitioners.*